James A. Sellers II, #184404
jamess@jlohman.com
The Law Offices of Jeffrey Lohman
4740 Green River Rd., Ste. 310
Corona, CA 92880
(657) 363-4699
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

|  |  |
|---|---|
| CHRISTINA ROGERS and CHRISTOPHER ROGERS,<br><br>               Plaintiffs,<br><br>v.<br><br><br><br>USAA SAVINGS BANK.,<br><br>              Defendant. | **Case No.**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

Plaintiffs CHRISTINA ROGERS and CHRISTOPHER ROGERS ("Plaintiffs"), by and through their undersigned counsel, hereby sue Defendant USAA SAVINGS BANK ("Defendant"), alleging as follows:

## INTRODUCTION

1.  Plaintiffs bring this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq.*

2. The TCPA was legislated to prevent companies like USAA SAVINGS BANK from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Oregon pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

5. Plaintiffs Christopher and Christina Rogers are husband and wife, residing in Josephine County, in the city of Grants Pass, Oregon, and are otherwise *sui juris*.

6. Defendant is a Nevada corporation doing business in the State of Oregon, with its principal place of business located in Las Vegas, Nevada. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties,

subrogees, representatives and insurers.

## **FACTUAL ALLEGATIONS**

8. Defendant placed collection calls to Plaintiffs seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Plaintiffs are the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

10. Defendant placed collection calls to Plaintiff Christina Rogers' cellular telephone at phone number (541) XXX-1392.

11. Defendant placed collection calls to Plaintiff Christina Rogers from various telephone numbers including, but not limited to, (800) 531-7013, (800) 531-0378, and (800) 531-7013.

12. Defendant placed collection calls to Plaintiff Christopher Rogers' cellular telephone at phone number (541) XXX-6113.

13. Defendant placed collection calls to Plaintiff Christopher Rogers from various telephone numbers including, but not limited to, (800) 531-0378.

14. Upon information and belief, based on the number, frequency and timing of the calls, and on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

15. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect consumer debts allegedly owed by Plaintiffs.

16. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. §227(b)(1)(A).

17. Defendant's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

18. Defendant never received either Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on their cellular telephones pursuant to 47 U.S.C. § 227(b)(1)(A).

19. On or about August 3, 2018, Plaintiff Christina Rogers spoke with a representative of Defendant's company at phone number (800) 531-7013 and told Defendant to stop calling her cellular telephone.

20. During the August 3, 2018 conversation, Plaintiff Christina Rogers gave Defendant her name and social security number in order to assist Defendant in identifying and accessing her accounts before asking Defendant to stop calling her cellular telephone.

21. Plaintiff Christina Rogers revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on August 3, 2018.

22. On or about August 22, 2018, Plaintiff Christopher Rogers spoke with a representative of Defendant's company at phone number (800) 531-0378.

23. During the August 22, 2018 conversation, Plaintiff Christopher Rogers gave Defendant his name and social security number in order to assist Defendant in identifying and accessing his accounts before asking Defendant to stop calling his cellular telephone.

24. Plaintiff Christopher Rogers revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversations with Defendant's representative on August 22, 2018.

25. Despite Plaintiffs' requests to cease, Defendant continued to place calls to Plaintiffs' cellular telephones after their requests to cease.

26. Despite Plaintiff Christina Rogers' request that Defendant cease placing automated collection calls to her via the use of an automatic dialing system, Defendant continued to place at least two hundred and sixty (260) telephone calls via the use of an automatic telephone dialing system to her cellular telephone.

27. Despite Plaintiff Christopher Rogers' request that Defendant cease placing automated collection calls to him via the use of an automatic dialing system, Defendant continued to place at least one hundred and ninety-six (196) telephone calls via the use of an automatic telephone dialing system to his cellular telephone.

28. Defendant placed the great number of telephone calls to Plaintiffs with the sole intention of harassing Plaintiffs in such a manner as to cause Plaintiffs to pay the alleged debt claimed by Defendant, even when Plaintiffs admittedly had impaired ability to pay. This telephonic harassment caused both Plaintiffs considerable anxiety and emotional distress.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(B)

29. Plaintiff Christina Rogers repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-11, 14-21, 25, 26 and 28.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

PLAINTIFF'S COMPLAINT

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff Christina Rogers is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

32. Plaintiff Christina Rogers is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CHRISTINA ROGERS, respectfully request judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

   a. Awarding Plaintiff Christina Rogers statutory damages of five hundred dollars ($500) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: two hundred sixty (260) for a total of one hundred thirty thousand dollars ($130,000);

   b. Awarding Plaintiff Christina Rogers actual damages and compensatory damages according to proof at time of trial; and

   c. Granting Plaintiff Christina Rogers such other and further relief as may be just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

33. Plaintiff Christina Rogers repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-11, 14-21, 25, 26 and 28.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff Christina Rogers is entitled to an award of one thousand five hundred dollars

PLAINTIFF'S COMPLAINT

($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff Christina Rogers is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CHRISTINA ROGERS, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

a.  Awarding Plaintiff Christina Rogers statutory damages of one thousand five hundred dollars ($1,500) multiplied by the number of knowing and/or willful violations of the TCPA alleged herein, to wit: two hundred sixty (260) for a total of three hundred ninety thousand dollars ($390,000.00);

b.  Awarding Plaintiff Christina Rogers actual damages and compensatory damages according to proof at time of trial;

c.  Granting Plaintiff Christina Rogers such other and further relief as may be just and proper.

**THIRD CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT - 47 U.S.C. § 227(b)(3)(B)**

37. Plaintiff Christopher Rogers repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-9, 12-18, 22-25, 27 and 28.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff Christopher Rogers is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

40. Plaintiff Christopher Rogers is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CHRISTOPHER ROGERS, respectfully request judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

    d.  Awarding Plaintiff Christopher Rogers statutory damages of five hundred dollars ($500) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: one hundred ninety-six (196) for a total of ninety-eight thousand dollars ($98,000);

    e.  Awarding Plaintiff Christopher Rogers actual damages and compensatory damages according to proof at time of trial; and

    f.  Granting Plaintiff Christopher Rogers such other and further relief as may be just and proper.

### FOURTH CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et. seq.

41. Plaintiff Christopher Rogers repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-9, 12-18, 22-25, 27 and 28.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff Christopher Rogers is entitled to an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff Christopher Rogers is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, CHRISTOPHER ROGERS, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

d. Awarding Plaintiff Christopher Rogers statutory damages of one thousand five hundred dollars ($1,500) multiplied by the number of knowing and/or willful violations of the TCPA alleged herein, to wit: one hundred ninety-six (196) for a total of two hundred ninety-four thousand dollars ($294,000.00);

e. Awarding Plaintiff Christopher Rogers actual damages and compensatory damages according to proof at time of trial;

f. Granting Plaintiff Christopher Rogers such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

45. Plaintiffs demand a jury trial on all issues so triable.

Dated: August 23, 2019

RESPECTFULLY SUBMITTED,

*/s/ James A. Sellers II*
James A. Sellers II, #184404

PLAINTIFF'S COMPLAINT